**Lower Providence Sewer Authority v. Montgomery County Sewer Authority**

*Charles Potash*, for petitioner.
*Roger B. Reynolds*, for respondent.

TREDINNICK, *J.*, August 19, 1975—This declaratory judgment action was submitted on a case stated to a two-judge court en banc, thus by-passing a "hearing" before a single judge, with the possibility of exceptions to his adjudication thereafter. The issues presented are purely legal in nature, however, and we see no harm in the procedural short cut utilized by the parties. We will, therefore, determine the issue and enter final judgment.

The facts are essentially as follows:

On June 29, 1964, plaintiffs and defendants entered into an agreement concerning the providing of public sanitary sewer service to Lower Providence Township. The agreement provided that the Montgomery County Sewer Authority ("county authority") construct a sewer treatment plant and an interceptor line to a designated point. Lower Providence Township Sewer Authority ("township authority") was to construct a collection system which had previously been designed, and connect that system to the interceptor. The county authority was bound to provide treatment service, and the

township authority was bound to deliver sewage it collected only to the county authority treatment plant. The latter was to be paid $20 per "equivalent dwelling unit" per year for treatment services rendered, and to help amortize the cost of the plant and interceptor. The agreement contemplated that other municipalities would utilize the interceptor, through extensions thereto, and the treatment plant.

The treatment plant, the originally contemplated interceptor and collection systems were all subsequently constructed. Sometime thereafter, the county authority entered into similar agreements with other upstream municipalities, and constructed an extension to the originally installed interceptor. Those agreements provide for an equivalent dwelling unit charge of $35.

The township authority desires to connect additionally constructed collection sewer to the extension of the interceptor, and contends it has the right to do so at the $20 per equivalent dwelling unit figure. The county authority contends that it may do so only if it agrees to pay $35 per equivalent dwelling unit. The agreement controls the issue, and the question is simply one of interpretation of the document.

Section 1.04 of the agreement provides that "the County Authority will . . . intercept and receive sanitary sewage from the Collection System to be constructed by the Township Authority, as defined in 2.01 . . ." Section 2.01 states that "The Collection System shall consist *initially* of the sewage collection facilities shown on . . ." certain contract drawings. We infer, therefore, that since the term "initially" is used, the phrase "Collection Systems" means *all* collection systems constructed by the

township authority, that built initially, and additions made subsequently.

The "interceptor" is similarly defined as ". . . located on the west bank of the Perkiomen Creek *initially* in the vicinity of Egypt Road to (the) sewage treatment plant.": section 1.01. Thus, by the same rationale as set forth in the preceding paragraph, we conclude "interceptor" means both that which was originally installed and extensions thereto.

The township authority has "The perpetual right to connect such Collection System with the treatment plant" (section 1.05), paying the county authority "an annual treatment service charge for receiving and the treatment of sewage from the Collection Systems . . . an amount equal to the sum of $20 for each equivalent dwelling unit . . . connected to the collection system.": section 3.01.

Prima facie then, it appears that the township authority has the right to connect any part of its collection system to the county authority facilities at the lower equivalent dwelling unit figure. The county and its authority contend, however, that under the provisions of section 1.05, they may refuse approval of a connection to the extension of the interceptor unless the township authority agrees to the $35 per EDU fee instead of the $20 fee. Section 1.05 provides that the ". . . connections shall be at such locations as shall be agreed upon by the County Authority and the Municipality and Township Authority . . ." A further relevant provision states: "Extensions to the Collection System may be connected to the system or directly to the County Interceptor, and in the latter case, as mutually agreed upon by the parties to this agreement.": section 2.01. The county authority asserts that its refusal to permit connection to the extension of the

interceptor is reasonable, since the proper charge of service, including amortization of the cost of that added interceptor, is $35 per EDU. Thus, it says all users of the extension to the interceptor should be charged that figure.

Equitably, there is no question but that the county authority is right. Unfortunately, the issue must be decided on the contract, not equity. The contract, as we have seen, specifically permits connection of any part of the township authority's collection system to any part of the county authority's interceptor for $20 per EDU. Had the intention of the parties been otherwise, it would have been simple to provide that the $20 rate would not apply to sewage delivered to an extension of the original interceptor line. The provision for mutual agreement upon the locations of connections to the interceptor we believe relate to engineering considerations. Both sides undoubtedly wished to defer a decision on the precise location of connections to the interceptor pending final engineering plans. We do not believe these provisions can be used by the county authority to compel a basic price charge in the contract.

Accordingly, under the power granted by the Uniform Declaratory Judgments Act of June 18, 1923, P.L. 840, 12 P.S. §831, et seq., we enter the following order in the form of a final judgment:

## ORDER

And now, August 19, 1975, judgment is entered in favor of plaintiffs, and defendants are ordered and directed to permit plaintiffs to connect any portion of the collection system under their control within the Township of Lower Providence to any portion of defendant county authority's interceptor

mutually agreed as acceptable from an engineering viewpoint, at a rate of $20 per equivalent dwelling unit for the period specified in the contract.

Costs on defendants.